FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT 11  P 4:01

CLERK
S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MARY E. RUSHING, ) | |
| ) | CIVIL ACTION NO. CV604-132 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge R. O. Foerster, ("the ALJ" or "ALJ Forester") denying her claim for a period of disability and Disability Insurance Benefits. Plaintiff urges the Court to remand this case because the ALJ's decision is not supported by substantial evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Income Disability Benefits on March 15, 2001, alleging that she became disabled on March 4, 2001, due to nasal septal squamous cell carcinoma. (Tr. at 13.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On September, 20 2002, ALJ Foerster held a hearing at which Plaintiff appeared and testified. Plaintiff was represented by counsel at that hearing. ALJ Foerster found that Plaintiff met the requirements of insured status to be entitled to a period of disability and Disability Insurance Benefits under Section 216(I) and 223 of the Act, and

AO 72A
(Rev. 8/82)

was insured for benefits at least through December 31, 2005. (Tr. at 13, 20.) However, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 20.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5.)

Plaintiff, born on November 10, 1948, was 53 years old when ALJ Foerster issued his decision. She has a sixth grade education. (Tr. at 14.) Her past relevant work experience includes employment as a cook, cashier, and nurse's aide. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed.2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the

AO 72A
(Rev. 8/82)

impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (Tr. at 20.) At step two, ALJ Foerster determined that Plaintiff had a combination of impairments considered severe within the Act. (Id.) However, the ALJ ascertained that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) At the next step, ALJ Foerster determined that claimant retained the residual functional capacity for work at any and all levels of exertion, with some non-exertional limitations. (Tr. at 21.) The ALJ decided that Plaintiff's residual functional capacity did not preclude her from the performance of her past relevant work as a cashier. (Id.) The ALJ concluded that Plaintiff was not disabled at any time through the date of this decision. (Id.)

AO 72A
(Rev. 8/82)

## ISSUES PRESENTED[1]

Plaintiff asserts that the ALJ erred in:

I. Improperly discounting Plaintiff's IQ scores and inability to read and write by substituting his opinion in lieu of the consultative psychologist's opinion;

II. Failing to consider all of Plaintiff's impairments and limitations, including musculoskeletal problems, carpal tunnel syndrome, depression, and non-exertional limitations; and

III. Failing to consult a vocational expert regarding plaintiff's ability to return to her past relevant work.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard

---

[1] The Court has restructured issues two and three according to common issues of fact and law utilized in the ALJ's determinations.

4

requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I.   **ALJ Forester Did Not Err in Finding Plaintiff Failed to Meet Listing 12.05C.**

Plaintiff generally asserts that the ALJ failed to assess her case properly at the third step of the analysis and that there is no substantial evidence to support his finding that she did not meet Listing 12.05C. Plaintiff avers that the ALJ did not give the consulting psychologist's opinions proper weight and improperly found his evaluation lacking credibility. Plaintiff contends that the ALJ improperly substituted his personal opinion regarding Plaintiff's mild mental and major depressive disorders for that of the medical expert.

Defendant contends that the ALJ properly found that Plaintiff did not satisfy step three of the sequential analysis. Defendant avers that the ALJ correctly concluded that Plaintiff did not meet or equal Listing 12.05C.

Listing 12.05C, in pertinent part, provides:

Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.

. . . .

5

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(c). The introductory paragraph of this Listing contains a "diagnostic description for mental retardation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00. A claimant's impairment must satisfy this diagnostic description <u>and</u> any one of the four sets of criteria set forth in this Listing <u>before</u> a finding is reached that the impairment meets the Listing. <u>Id.</u> (Emphasis added). A valid I.Q. score is not conclusive evidence of mental retardation. <u>Popp v. Heckler</u>, 779 F.2d 1497, 1499 (11th Cir. 1986). The ALJ may use other evidence including Plaintiff's daily activities, behavior, and work history when evaluating the validity of an I.Q. score. <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992); <u>See</u> 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(D)(5)(c). However, "an ALJ may not consider the plaintiff's age, education and work experience *after* the ALJ accepts the I.Q. score as valid and finds the plaintiff meets or equals the criteria of a listed impairment." <u>Lowery</u>, 979 F.2d at 837. (Citation omitted) (Emphasis added).

ALJ Foerster found Dr. Chester's mental evaluation of Plaintiff to be not fully credible. (Tr. at 16.) The ALJ determined that Plaintiff had "marginal education and likely has trouble reading." (<u>Id.</u>) Relying on Plaintiff's extensive fourteen year work history and the opinions of Dr. Vidic, a Georgia Disability Determination Services ("DDS") Psychologist, the ALJ determined that Plaintiff's positions in semi-skilled employment required a higher intellectual capacity then her test score revealed. (<u>Id.</u>) ALJ Foerster concluded that Plaintiff met her burden of proving the existence of a severe impairments. (Tr. at 18.) However, the ALJ determined that Plaintiff's impairments, considered individually and in

combination, did not meet or equal the requirements of several listings, including 12.05C. (Tr. at 18.)

ALJ Foerster's determination that Plaintiff does not meet the 12.05C criteria is supported by substantial evidence. When evaluating Plaintiff's mental qualifications, the ALJ extensively reviewed Dr. Chester's and Dr. Vidic's evaluations. Dr. Chester's report stated that test scores represented "a reliable estimate of [Plaintiff's] capabilities." (Tr. at 16, 207.) However, Dr. Chester did not find any problems with Plaintiff's alertness, cooperation, concentration, or information recall. (Tr. at 16, 206.) Similarly, Dr. Vidic found Plaintiff only moderately limited in her ability to maintain attention and concentration for extend periods of time and in her ability to carry out detailed instructions. (Tr. at 225.) In all other categories of her capacity assessment, Dr. Vidic found no evidence of limitations or that Plaintiff was not significantly limited. (Tr. at 225-26.) Plaintiff did not exhibit evidence of limitations in her social interactions, including the ability to "get along with coworkers or peers without distracting them or exhibiting behavioral extremes." (Tr. at 17, 226.) Plaintiff also attested to her ability to listen and learn quickly. (Tr. at 297.) Particularly pertinent to this issue, Dr. Vidic's mental evaluation also specifically considered Listing 12.05C and found that she did not meet its criteria. (Tr. at 215.) Considering Dr. Vidic's evaluation and Plaintiff's unimpeded daily living activities, the ALJ determined that Plaintiff was not significantly limited due to depression or mental retardation. Although Plaintiff's full range score of 64 fell within the mental diagnostic range of mental retardation, the ALJ reviewed all evidence before him and sufficiently articulated specific reasons for discounting Dr. Chester's diagnosis; thus, ALJ Foerster did not err in his conclusions.

II.  **ALJ Foerster Addressed all of Plaintiff's Impairments and His Decision is Supported by Substantial Evidence.**

Plaintiff generally alleges that ALJ Foerster's decision is not supported by substantial evidence. Plaintiff argues that the ALJ did not consider her continued pain and limitations from musculoskeletal problems, carpal tunnel syndrome, and depression. In assessing her depression, Plaintiff avers that the ALJ substituted his opinion for those of the medical experts. Plaintiff also alleges that ALJ Foerster did not properly consider Plaintiff's documented non-exertional impairments when determining her Residual Functional Capacity ("RFC"). As a result, Plaintiff contends that the ALJ erred when he determined that Plaintiff did not have severe non-exertional impairments affecting her ability to work.

Defendant contends that the ALJ properly evaluated all of Plaintiff's impairments and "subjective complaints." (Def. Br., p. 10.) Defendant also avers that evidence submitted by Plaintiff after the hearing is not properly before the court. Defendant avers that Plaintiff did not meet her burden at step four because she did not demonstrate that she could not perform her past "kind of work." (Def. Br., p. 11.)

The fourth step of the sequential analysis requires the ALJ to assess the Plaintiff's RFC and the claimant's ability to return to her past relevant work. Philips, 357 F.3d at 1238 (citing 20 C.F.R. § 404.1520(a)(4)(iv)). A plaintiff's RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments." Id. (citing 20 C.F.R. § 404.1545(a)). The ALJ's RFC assessment shall be based "on all the relevant medical and other evidence" when a Plaintiff does not meet a listed impairment Id. (citing 20 C.F.R. § 404.1520(e)). A Plaintiff's RFC is used to determine whether a

8

plaintiff can return to her past relevant work. 20 C.F.R. § 404.1520(e) (2005). Under the Act, a plaintiff bears the burden of proving that she cannot perform her past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). If a plaintiff can still perform the "kind of work" she has done in the past, she will be found "not disabled" within the meaning of the Act. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). A plaintiff need only retain the ability to perform her past kind of work, not the specific job she held in the past. Id.

The ALJ determined that Plaintiff "retained the residual functional capacity to engage in work at any and all levels of exertion." (Id.) As a result, ALJ Foerster concluded that Plaintiff could return to her past relevant work and was not disabled at any time relevant to his decision. (Tr. at 20.)

Preliminarily, Plaintiff supports her contentions with records submitted exclusively to the Appeals Council in July 2003, approximately eight months after the ALJ's decision. (See Pl's Br. at 16-17; Tr. at 263-287.) When the Appeals Council has refused to review a case, the Court will look only to the evidence presented to the ALJ when determining whether the ALJ's assessment is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11 th Cir. 1998) (discussing the Eleventh Circuit's rule concerning evidence submitted after an ALJ hearing). In this case, the Court is restricted to the evidence presented to the ALJ in determining whether his decision is supported by substantial evidence.

To determine Plaintiff's RFC and her ability to return to her past relevant work, the ALJ considered all of Plaintiff's symptoms, individually and in combination, including her

9

carcinoma, continued pain, musculoskeletal problems, rapid heart beat, depression, and shortness of breath. (Tr. at 19.) The record supports the ALJ's conclusion that Plaintiff's complaints concerning these ailments were not fully credible and not established in the record. As previously discussed, the ALJ considered Plaintiff's depression and found that it did not significantly impede her abilities. (Tr. at 17-18.) The ALJ noted that Plaintiff suffered from mild to moderate obstructive lung disease, but that she made no musculoskeletal complaints during her doctors' examinations. (Tr. at 19.) The evidence presented to the ALJ is devoid of complaints concerning musculoskeletal impairments. Before and after her partial rhinectomy, Plaintiff's medical records indicate that she did not complain of any musculoskeletal problems. (Tr. at 122-123, 179.) In fact, medical records reveal that Plaintiff did not suffer from any recurrent complaints after her surgery. (Tr. at 122-123.) Dr. Malloy, a state agency physician, determined that Plaintiff did not have any exertional limitations affecting her ability to lift, pull, sit, or carry. (Tr. at 198.) Although Dr. Chester's report briefly mentioned Plaintiff's carpal tunnel syndrom, tendinitis, and arthritis, it did not provide any conclusions regarding the severity of these impairments or the limitations they might cause. (Tr. at 207.) Dr. Weems's medical reports establish that Plaintiff's primary medical history consisted exclusively of check-ups and treatments for her carcinoma. (Tr. at 239-246.) Finally, Plaintiff's ability to work forty hour weeks as a stocker, as well as her ability to engage in activities such as shopping, cooking, cleaning, and weekly visits with family demonstrates Plaintiff's full range of capabilities. (Tr. at 19, 82, 207, 294, 302.)

AO 72A
(Rev. 8/82)

The ALJ also addressed Plaintiff's non-exertional limitations prior to reaching his conclusion.[2] Relying heavily on the medical opinions of DDS medical consultants, he concluded that Plaintiff could not work in environments which could expose her to fumes, odors, and gases, or in environments that are poorly ventilated. (Tr. at 19, 201.) DDS consultants also opined that Plaintiff did not suffer from non-exertional, manipulative, communicative, or visual limitations. (Tr. at 19, 198-201.) In addition, the ALJ considered Plaintiff's limited reading and writing ability and found moderate limitations on her ability to understand, remember, or carry out detailed instructions. (Tr. at 19.) Plaintiff's fourteen year history of extensive work experience indicates that Plaintiff is not impeded by any educational difficulty. (Tr. at 16, 85-91.)

ALJ Foerster fully considered all of Plaintiff's conditions prior to determining Plaintiff's RFC and her ability to return to her past relevant work. Substantial evidence supports the ALJ's analysis and conclusions.

III.    **ALJ Forester was not Required to Consult a Vocational Expert.**

Plaintiff also asserts that ALJ Foerster should have consulted a vocational expert to determine her ability to perform her past relevant work as a cashier. Defendant avers that the ALJ did not need a vocational expert because the ALJ did not deem Plaintiff disabled.

An ALJ is required to consult a vocational expert at the fifth step of analysis when the plaintiff is "'unable to perform a full range of work at a given residual level *or* when a

---

[2] The ALJ inaccurately stated that "Mr. Horton" retained the RFC to engage in work at any and all levels of exertion. (Tr. at 19.) It is clear from the context of the ALJ's discussion that this reference to Mr. Horton was a typographical error and that the ALJ was referring to Plaintiff Rushing.

claimant has non-exertional impairments that significantly limit basic work skills[,] exclusive reliance on the grids is not appropriate.'" Philips, 357 F.3d at 1242 (11th Cir. 2004) (quoting Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985)). The vocational expert is used to articulate specific jobs which the Plaintiff is able to perform. See Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981).

ALJ Foerster properly determined that Plaintiff retained the RFC to engage in work at any and all levels of exertion. (Tr. at 19.) He further determined that she could return to her past relevant work as a cashier and that she was not significantly limited by her non-exertional impairments; thus, it was unnecessary for the ALJ to proceed to step five. (See Tr. at 19-20.) ALJ Foerster was only required to consider all the evidence of record and did not require a vocational expert's testimony to determine Plaintiff's RFC. See Phillips, 357 F.3d at 1242.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 11th day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

12